**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| In Re: Application of Adam Kegel, Petitioner for an Order to Conduct Discovery for Use in a Foreign Proceeding Against National Bank of Canada, Defendant, pending in Superior Court Canada Province of Quebec, District of Montreal | **ORDER DENYING MOTION TO SUPPLEMENT ORDER GRANTING APPLICATION PURSUANT TO 28 U.S.C. § 1782(a)**<br><br>Case No. 1:13-mc-006 |

_____

Before the court is a motion requesting that the court supplement a prior order it issued pursuant to 28 U.S.C. § 1782(a), which facilitated applicant Kegel's having obtained deposition testimony and documentary evidence from North Dakota resident Joseph Kostelecky for purposes of a legal action in Quebec, Canada. The motion has been referred to the undersigned for decision. For the reasons stated below, the motion will be denied.

**I.      BACKGROUND**

On May 28, 2013, Kegel made application to this court pursuant to 28 U.S.C. § 1782(a) to obtain evidence from Joseph Kostelecky, a North Dakota resident, in the form of deposition testimony and documents in connection with a Canadian class action proceeding entitled <u>Kegel v. National Bank of Canada</u> that was pending in the Superior Court of the Canadian Province of Quebec, District of Montreal. (Doc. No. 1).

On May 29, 2013, the court issued an order granting Kegel's application and authorizing his counsel to serve a subpoena upon Kostelecky pursuant to Fed. R. Civ. P. 45 to obtain the deposition testimony and documents sought by the application. (Doc. No. 3). Apparently, the evidence was obtained from Kostelecky to Kegel's satisfaction.

1

On December 5, 2014, Kegel filed the present motion seeking a "supplemental order" whereby the court would in effect declare *nunc pro tunc* that there was nothing in its prior order or the laws or rules governing its issuance that would prohibit the evidence obtained from Mr. Kostelecky from being used in other legal proceedings in Canada. (Doc. No. 5).

More specifically, the moving papers state that Kegel's Canadian counsel have now determined that the Kostelecky evidence is relevant to another action being brought against the National Bank of Canada entitled Goldsmith v. National Bank of Canada, Court File No. CV-13-474-486-00CP. The moving papers state the Goldsmith action is pending before a court in Ontario, Canada, and describe it as being a parallel action to the Kegel's Quebec case. In addition, the moving papers indicate in a footnote that the Kostelecky evidence may also be relevant to other pending litigation in Canada against the National Bank of Canada's subsidiary, National Bank Financial, Inc., and other parties.[1] (Id.).

Kegel requests in his moving papers that the court order as follows:

(1) The court's Order Granting Application Pursuant to 28 U.S.C. § 1782 dated May 29, 2013 (the "Order"), does not limit the use of the transcript of Joseph A. Kostelecky's deposition or other evidence obtained from Mr. Kostelecky to the foreign proceeding underlying the Application, Adam Kegel v. National Bank of Canada in the Quebec Superior Court in Montreal, Quebec, Canada (the "Quebec Case"), or any other particular matter or proceeding.

(2) The Order was not intended by the court to limit the use of evidence obtained from Mr. Kostelecky to use in the Quebec Case, nor to reflect any constraint on the use of such evidence under the United State Code, Federal Rules of Civil Procedure, Federal Rules of Evidence, or the Local Rules and Standing Orders of the court. Rather, when evidence obtained from Mr. Kostelecky and the transcript of his

---

[1] The motion papers indicated the other actions may include: Lewis v. National Bank Financial Inc. (Court File No. 500-06-000702-148), pending in Quebec; Goldsmith v. National Bank Financial, Inc. (Court File No. CV-14-509-246-00CP), pending in Ontario; Goldsmith v. KPMG LLP (Court File No. CV-14507785-00CP), pending in Ontario; James et al v. Peyto Exploration & Development Corp. (Court File No. CV-14-512823-00CP), pending in Ontario; Auer et al v. Peyto Exploration & Development Corp. (Court File No: 1301-11455), pending in Alberta; Ramzy v. KPMG LLP (Court File No: 1401 07353), pending in Alberta; and Lewis v. KPMG LLP (Court File No. 500-06-000699-146), pending in Quebec.

> deposition may be used in any particular matter or proceeding is subject to the courts where such matters or proceedings are pending and irrespective of the procedural means by which such evidence was discovered under American law.

(Doc. No. 5-1).

## II.     DISCUSSION

### A.     Governing law

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004) ("Intel Corp."). The section in its entirety reads as follows:

> **28 U.S.C. § 1782**
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.
>
> (b) This chapter does not preclude a person within the United States from voluntarily giving his testimony or statement, or producing a document or other thing, for use in a proceeding in a foreign or international tribunal before any person and in any manner acceptable to him.

Relevant to the pending motion are two points about § 1782(a) as it has been construed and applied by the courts. First, while § 1782(a) does not require that notice and an opportunity to be heard be given to the person from whom the evidence is being sought prior to the court issuing an

3

order compelling the evidence, the person who is the subject of the order has the right to contest it after it is issued. See, e.g., In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); cf. Government of Ghana v. ProEnergy Services, LLC, 677 F.3d 340, 342-43 (8th Cir. 2012) ("Government of Ghana") (person who was the subject of the § 1782(a) order filed a motion for a protective order and another interested party filed a motion to intervene).

Second, the federal court that is called upon to issue a § 1782(a) order is vested with substantial discretion in deciding whether the order should be issued and, if so, whether any conditions should be attached to the order. See, e.g., Intel Corp., 542 U.S. at 262-66 (noting that the district court is not required to grant a § 1782(a) request simply because it has the power to do so and listing four factors that might bear upon a court's consideration including the imposition of limitations); Government of Ghana, 677 F.3d at 343-44.

### B. Whether 28 U.S.C. § 1782(a) contemplates that the evidence obtained pursuant to a court order will be used only in the foreign proceeding for which the request for a § 1782(a) order is made

Implicit in Kegel's request here is that § 1782(a) does not necessarily impy that the evidence obtained pursuant to an order issued pursuant to the section will only be used for the proceeding for which the evidence is sought. In other words, once the evidence is obtained it can freely be used in any other foreign proceeding as permitted by the foreign courts.

This court, however, is not so sure. Section 1782(a) by its terms empowers a federal court to assist with the gathering of evidence "for use in a proceeding in a foreign or international tribunal." While § 1782(a) is silent on the precise question of what use can be made of the evidence

4

thereafter, the statute's use of the singular in terms of "use in a proceeding" is at least some suggestion that any order issued by the federal court would be limited to the specific proceeding or proceedings for which the evidence is sought when the request for the § 1782(a) order is made.

In addition, the courts applying § 1782(a), including the Supreme Court, have held that a federal court that is called upon to issue a § 1782(a) order should consider a number of factors in deciding whether to grant the application, some of which are proceeding specific. E.g., Intel Corp., 542 U.S. at 262-66. Further, there is the right of the person from whom the evidence is being obtained to be heard, including the opportunity to assert any legally applicable privileges, which conceivably could be different for different proceedings.

While one possible construction of § 1782(a) is that it only authorizes use of the evidence sought in the foreign proceeding(s) that are the subject of the § 1782(a) order, there is another possibility. That is, if the person from whom the evidence is being sought is concerned about how the evidence might be used beyond the proceeding for which it is being obtained, it would be incumbent upon that person to request that the court issuing the § 1782(a) order to expressly impose limitations on the use of the evidence. And, if the person did not make the request or the court refused to grant it, the evidence could freely be used as otherwise permitted by law, even in other proceedings.

In his moving papers, Kegel contends it would be inappropriate for a federal court issuing a § 1782(a) order to condition the use of the evidence to any specific foreign proceeding, either expressly or implicitly by the language of its order, because to do so would invade the discretion of the foreign courts to accept the evidence. In support, Kegel quotes from Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76 (2d. Cir. 2012), where the Second Circuit cited Intel Corp.

and stated that "the ultimate admissibility of the evidence [obtained pursuant to § 1782(a)] is determined by the foreign tribunal." Id. at 82.

The quoted statement from the Second Circuit, however, is in inapposite. The issue that was being addressed when the court made that statement was not whether a federal court could impose limits on the use of the evidence being obtained, but rather whether the court should consider the admissibility of the evidence in the foreign court in deciding whether to provide § 1782(a) assistance in the first instance.

Obviously, a federal court here cannot dictate to a foreign court what evidence it should admit, but that is different from whether a federal court can impose a condition in its § 1782(a) order on how the evidence may be used. And, while the federal court's power to enforce the condition may be somewhat limited, since obviously it cannot tell a foreign court what to do, there is no reason to believe that a foreign court would not respect any limitations imposed by a United States federal court as a matter of comity - particularly if they are reasonable.[2] In fact, more analogous to the authority of a federal court here to impose conditions on how the evidence may be used is the Supreme Court's statement in Intel Corp. that a federal district court has the authority in appropriate cases to impose a condition of reciprocal discovery upon the party seeking the evidence pursuant, to § 1782(a), even though such discovery would not be available in the foreign state under its rules. Intel Corp., 542 U.S. at 262.

In summary, whether evidence obtained for a specific proceeding pursuant to a § 1782(a) order can freely be used in other proceedings (absent, perhaps, express permission in the § 1782(a)

---

[2] After all, the evidence is being gathered for the foreign proceeding and the foreign court would justifiably be concerned that, if it ignored the restrictions imposed by the United States court, it may result in United States courts refusing or severely limiting assistance in future cases. Also, if the party for whose benefit the order is issued has a United States presence and uses the evidence contrary to the federal court's order, the party may be subject to the reach of the federal court's contempt powers.

order) is at best questionable. What is clear, however, is that this court would be on shaky grounds to issue an order suggesting it could in the absence of the person from whom the evidence was obtained having input on the question.

### C. The present application for a supplemental order

The court has several problems with the present motion. First, when the court issued its prior order, it stated in relevant part:

> 1. Applicant's U.S. Counsel is authorized, pursuant to 28 U.S.C. 1782, in connection with Adam Kegel v. National Bank of Canada (the "Canadian Class Action"), to issue a subpoena, in the form attached as Exhibit 1 to the Application, for the deposition of Joseph A. Kostelecky, and to require him to produce the documents described in the subpoena.

(Doc. No. 3). In addition, the form subpoena approved by the court specifically stated that it was for conducting discovery for use in the Quebec action against the National Bank of Canada and commanded Kostelecky to testify "at a deposition to be taken in this civil action." (Doc. No. 1-1). Putting aside the question of whether the evidence obtained from Kostelecky is necessarily limited to Kegel's Quebec action against the National Bank of Canada, either because that is an inherent limitation imposed by § 1782(a) or, in this instance, the language of the court's prior order, the court is not prepared to declare now that it was never its intent to limit the use of the evidence to the Quebec proceeding when the court never expressly addressed the issue.

In fact, there is a good reason why the issue never came up, which is the second problem the court has with the present motion, that being the representation made by Kegel's Canadian counsel in the affidavit in support of the application for the court's prior order:

> 10. The evidence to be obtained from Mr. Kostelecky through this Application will only be used in the Quebec Action, and in no other proceeding, unless that evidence is obtained through other means.

(Doc. No. 2, p. 3).[3] While Kostelecky may very well have had the right to rely upon the language of the court's prior order in terms of the evidence being able to be used only for Kegel's Quebec proceeding against the National Bank of Canada, if not also § 1782(a) itself, this representation would be reason enough for the court now to reject an argument that it was incumbent upon Kostelecky to have requested a condition limiting the use of the evidence to only the Quebec proceeding.

A third and more fundamental problem the court has with the present motion is its concern that it no longer has subject matter jurisdiction. The authority granted to the court by § 1782(a) is limited to the court issuing an order providing assistance for the gathering of the evidence that is the subject of the order and, perhaps, later enforcing any conditions imposed by the court in its order. In this case, the court's § 1782(a) order was satisfied when Kostelecky provided the deposition testimony and documents that were the subject of the order to Kegel's satisfaction. There is nothing in § 1782(a) which suggests that, once an order issued pursuant to the section has been satisfied, the court would have continuing jurisdiction except, perhaps, to enforce any conditions or limitations imposed in its order.[4]

---

[3] Presumably, it was an oversight on the part of the attorneys bringing the present motion not to have drawn this to the court's attention in the moving papers.

[4] It is also questionable whether the court has personal jurisdiction over Kostelecky with respect to the present motion. While the present motion reflects that it has been served upon both Kostelecky and his counsel by mail, this may not be enough if the prior proceeding has in fact terminated. This is because the procedure contemplated by § 1782(a) necessarily requires personal service upon Kostelecky of the court's § 1782(a) order and any process issued pursuant thereto, absent Kostelecky having voluntarily appeared. But, even if Kostelecky made a voluntarily appearance in response to the present motion and agreed that the evidence could be used in other proceedings, this would not solve the problem of subject matter jurisdiction, since it cannot be conferred by mere agreement of the parties. E.g., Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). If Kostelecky is in agreement with the evidence being used in other proceedings, then the more appropriate path would be for the parties to proceed in accordance with subsection (b) of § 1782, as discussed in more detail below.

8

Fourth, the court also has concerns about who is the real-party-in-interest is with respect to the present motion. No representation has been made that Kegel is a party in the Ontario case of <u>Goldsmith v. National Bank of Canada</u>. In fact, the title of the action would suggest otherwise.[5] For all the court knows at this point, it is Kegel's Canadian law firm, who wants to be able to use the evidence on behalf of other clients free from any concern that a Canadian court, for reasons of comity, may not allow the Kostelecky evidence to be used in proceedings other than Kegel's action against the National Bank of Canada.

In summary, because of the foregoing issues and problems, the court is not inclined to grant the relief requested by the current motion.

### D. **The alternatives remaining open to Kegel**

What then can Kegel do if he wants to use the evidence already acquired in other Canadian proceedings? If Kegel wants this court's assistance, he must follow the prerequisites of § 1782(a), which is the only authority the court has to provide it. That is, Kegel will have to file a new application seeking the court's assistance that specifically identifies the proceeding or proceedings for which the evidence is being sought. And, if the court is inclined to grant the request, appropriate process will issue and Kostelecky will have the opportunity to object or request appropriate conditions.

Now it may very well be that, if the court orders Kostelecky to be deposed a second time and produce the same documents, he may stipulate to the use of his prior testimony and the already produced documents in the new proceeding. Then again, he may not. Also, at that point, the

---

[5] The same is true for the other actions identified in the footnote in the motion papers.

9

circumstances may be such that an offer by Kostelecky to allow his prior testimony and documents to be used would not satisfy Kegel or any other person seeking the evidence.

Another course of action that Kegel can follow is to seek from Kostelecky his agreement pursuant to 28 U.S.C. § 1782(b) that the deposition testimony previously given and the documents already produced can be used in other actions. Clearly, if Kostelecky so consents, then there would be no reason for a Canadian court to be concerned about this court's prior order since § 1782(b) provides independent permission for the gathering and use of the evidence.[6]

### III. ORDER

Based on the foregoing, applicant Kegel's Motion to Supplement Order Granting Application Pursuant to 28 U.S.C. § 1782 (Doc. No. 5) is **DENIED**.

Dated this 15th day of December, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[6] Kostelecky does have incentive to reach an agreement pursuant to § 1782(b) if he does not want to be burdened by additional discovery. In particular, he has no assurances that this court would not require that he be deposed and produce the same documents multiple times upon receipt of one or more applications for § 1782(a) assistance. For example, if there is evidence that he bears some responsibility for losses to multiple persons in Canada, the mere fact he may have to give the same testimony for different cases may very well not be an "undue" burden. Also, as already noted, the court might conclude that the circumstances are such that any willingness on his part at that point to allow his prior testimony and documents to be used may not be sufficient.